[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Norwalk Savings Society, has filed a motion (#109) seeking summary judgment against the defendant, Peter M. Holmes. The plaintiff alleges in its complaint that the defendant borrowed $10,994.89 to purchase a 1989 Chevrolet pickup truck on February 22, 1991, and executed a promissory note on that date payable to the plaintiff and calling for monthly payments of $299.07 over four years. The plaintiff further alleges that the last monthly payment received from defendant was in October 1991. The complaint seeks damages and costs of collection as provided in the note. The defendant filed a special defense claiming unconscionability on the part of the plaintiff, which was stricken by this court.[1]
Attached to plaintiff's motion for summary judgment is an affidavit of a vice president of the plaintiff which states that the plaintiff loaned the defendant $10,994.89 with interest at 13.75% per annum, payable monthly over the course of four years, and that said indebtedness is secured by what is described in paragraph XI of the promissory note as a "purchase money security interest" in the 1989 Chevy. The affidavit further indicates that as of June 21, 1994 the defendant owed $13,229.75, consisting of $9,583.94 in principal, CT Page 440-P $3,495.81 of interest, and $150 in late charges, and that there were no set-offs or counterclaims.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v.Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin, 208 Conn. 606,616, 546 A.2d 250 (1988).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations and internal quotation marks omitted.) Connecticut Bank Trust Co. v. CarriageLane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations and internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,
CT Page 440-Q supra, 214 Conn. 579. In deciding such a motion, the court must "view the evidence in the light most favorable to the nonmoving party."Connecticut Bank Trust Co. v. Carriage Lane Associates, supra, 781. "In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist." (Citations and internal quotation marks omitted.)Dolnack v. Metro-North Commuter Railroad Co., 33 Conn. App. 832, 838,639 A.2d 530 (1994).
The defendant filed an affidavit in opposition to plaintiff's motion for summary judgment simply attesting that he had financial problems, that he was a good customer of the bank, and that the 1989 Chevy had cost him a good deal of money to keep and repair. The defendant again claims that the bank has acted unconscionably in refusing to restructure the loan, a claim set forth in a special defense which, as indicated previously, was stricken. The defendant does not deny that he borrowed the money and agreed to certain repayment terms. The defendant does not deny that he has failed to comply with the repayment terms set forth in the note he signed and that as a result he is in default. His defense is that the plaintiff is acting unconscionably. This asserted defense does not represent a CT Page 440-R bona fide defense to the cause of action set forth in the complaint and reiterated in the motion for summary judgment.
The obligation of the nonmovant in opposing a motion for summary judgment was described in Hammer v. Lumberman' Mutual Casualty Co.,
supra, 214 Conn. 579, as requiring more than a "bald statement that an issue of fact exists." Accordingly, plaintiff's motion for summary judgment is granted. An affidavit setting forth the exact amount of principal and interest as of the date of this judgment should be submitted, along with a per diem figure, plus an affidavit regarding "attorney's fees and any court costs allowed by the court," which the plaintiff is entitled to recover in accordance with paragraph IX of the promissory note signed by defendant.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of January, 1995.
William B. Lewis, Judge